IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLEVELAND WINSTON KILGORE-BEY,    *

Plaintiff                         *

v                                 *       Civil Action No. RDB-18-0007

CORRIN RUDEY,                     *
US PROBATION OFFICE,
VIRGINIA KELLOG,                  *
RENAISSANCE TREATMENT CENTER,
                                  *
Defendants

***

# MEMORANDUM OPINION

On January 29, 2018, this Court granted self-represented Plaintiff Cleveland Winston Kilgore-Bey twenty-one days to supplement the Complaint with facts to include evidence that he has obtained a copyright on his name and an explanation as to how Defendants used his name for wrongful purposes. Kilgore-Bey was cautioned that if he failed to comply, the Complaint would be dismissed without further notice from this Court. For reasons to follow, the Complaint is also subject to dismissal as frivolous and for failure to state claim upon which relief may be granted.

Kilgore was convicted by a jury of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal Action No. RBD-06-115 (D. Md. 2006). On December 19, 2006, this Court sentenced Kilgore to 149 months incarceration to be followed by five (5) years of supervised release and ordered him to pay restitution of $268,930 with an assessment of $800.

This Court takes note that in *Kilgore-Bey v. Federal Bureau of Prisons, et al.*, Civil Action No. RDB-17-1751 (D. Md. 2017), Kilgore-Bey asserted that he was released "into society" on June 26, 2017, (ECF No. 1 at 2), so it is likely that Kilgore-Bey is complaining here

about the terms of his supervised release. The crux of Kilgore-Bey's complaint now under review is that he objects to drug testing at the Renaissance Treatment Center, limits on his travel, and the requirement that he sign his name to unspecified documents, all of which seem to be related to the terms of his supervised release. Kilgore-Bey claims Defendants have committed copyright infringement, violated his intellectual property rights, and defamed his character. (ECF No. 1). He is seeking a total of $6.5 million in damages. (ECF No. 1).

In his supplement, which he filed as a Motion for Leave to File Supplemental Pleadings (ECF No. 5), Kilgore-Bey reiterates the allegations in the Complaint and claims that Defendants required him to sign "contracts" in violation of his rights under the Fourth and Fifth Amendments to the Constitution. (ECF No. 5 at 3). Kilgore-Bey also filed thirty-one pages of UCC financing documents, a purported notice of copyright, and documents irrelevant to this case. (ECF No. 5-1).

Kilgore-Bey's claims that Defendants "deceived" him into signing contracts in violation of his constitutional, liberty, and intellectual property rights are conclusory and lack any supporting facts. Instead, Kilgore-Bey refers to a security agreement he filed with the Maryland Department of Assessment and Taxation. (ECF No. 5 at 3, ECF No. 5-1 at 1-19). Kilgore-Bey does not explain, nor is it apparent, how this security agreement is germane to the Complaint or evidences a violation of federal or constitutional law.

Kilgore-Bey filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee, and was granted leave to proceed in forma pauperis. (ECF No. 4). To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)

2

and (ii). This Court also is mindful of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989). A complaint fails to state a claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570.

A frivolous action is one that "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This Court deems the Complaint subject to dismissal under both standards.

Kilgore-Bey's Complaint and his cases previously in this District[1] echo the "flesh and blood" or "sovereign man" philosophy. *See e.g. See United States v. Mitchell*, 405 F.Supp.2d 602, 603-06 (D. Md. 2005) (describing the theory, its sources, and its anti-government movement predecessors). "Sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *See Parker v. Spencer*, 2015 WL 3870277, *3 (D.S.C.) (quoting *United States v. Ulloa*, 511 F.App'x 105, 106 n.1 (2d Cir. 2013)). To the extent Kilgore asserts his compliance with the terms of his supervision violate his constitutional rights or copyright or intellectual property law, his allegations are conclusory and factually unsupported.

The Complaint fails state a plausible, non-frivolous § 1983 claim. Accordingly, this case will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and Kilgore will be assigned a second "strike" under 28 U.S.C. § 1915(g). *See Kilgore v. Warden*, Civil Action No. RDB-12-1101 (D. Md. 2012) (assigning a "first strike" pursuant to 28 U.S.C. § 1915(g)). Section 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if on three or more prior occasions, the prisoner has filed an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury. *See* 28 U.S.C. §1915(g).

---

[1] *See e.g. Kilgore v. United States*, Case 1:10-cv-03502-RDB (D. Md. 2011); *Kilgore v. United States*, Civil Action No. RDB-16-1889 (D. Md. 2016) (noting that Kilgore refers to himself as himself "Ambassador-Cleveland Winston Kilgore, Jr.," and claims that he is detained in violation of international law); *Kilgore v. Warden*, Civil Action No. RDB-11-3000 (D. Md. 2011) (filing of document titled "Security Agreement Non-Negotiable Security Agreement Between the Parties"); *Kilgore v. Warden*, Civil Action No. RDB-12-1101(filing of paper titled "International Bill of Exchange (D. Md. 2012) (Unicitral Treaty No. 216007-1 and assigning a "first strike" pursuant to 28 U.S.C. §1915(g)); *Kilgore-Bey v. Federal Bureau of Prisons, et al.*, Civil Action No. RDB-17-1751 (D. Md. 2017) (alleging electronic monitoring device a violation of international law).

4

## CONCLUSION

For these reasons, the Complaint will be dismissed with prejudice as frivolous, for failure to state a claim upon which relief may be granted, and for failure to comply with court order. This Court shall assign a second strike under 28 U.S.C. §1915(g) to Kilgore-Bey. A separate Order follows.

February 27, 2018
Date

Richard D. Bennett
United States District Judge